IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT
STATE OF MISSOURI

| | |
|---|---|
| DENISE SIENER, | ) |
| | ) |
| Plaintiff, | ) Cause No.   4:17-cv-02817-JAR |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| PROPERTY AND CASUALTY | ) |
| INSURANCE COMPANY OF | ) |
| HARTFORD, | ) |
| Defendant. | ) |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Plaintiff and for her cause of action against Defendant herein states to the Court as follows:

1. Plaintiff is and was at all times herein mentioned a resident and citizen of the State of Missouri. Plaintiff is a named insured under a policy of automobile liability insurance issued by the Defendant and is therefore, covered for uninsured motorist benefits under the policy issued by Defendant.

2. Defendant is and was at all times herein mentioned an insurance corporation organized and existing under and by virtue of law. Furthermore, Defendant is registered and licensed to transact business in the State of Missouri and has registered with the Missouri Department of Insurance to sell insurance and does sell policies throughout the State of Missouri.

3. The Court has jurisdiction over Defendant (a foreign corporation) in that Defendant transacts business in the State of Missouri, sells insurance policies within the State of Missouri and is registered as a licensed insurance company with the Missouri Department of Insurance. Therefore, this Court has personal jurisdiction over Defendant under the long-arm provision of the Missouri statutes and laws.

4. Defendant issued a policy of automobile liability insurance in the name of Plaintiff's father and mother, Dennis and Peggy Siener. Plaintiff was a designated driver under the policy, being policy No. 55 PHH772920 issued by Defendant. The policy insured Plaintiff and her parents and specifically insured three separate vehicles, being a 1994 Chevy Cavalier, a 1997 Dodge Ram Truck and a 2002 Hyundai Elantra.

5. This action arises out of a breach of contract against Defendant for breaching the terms of the subject automobile liability policy issued to Plaintiff as a named insured, specifically, the provisions of the uninsured motorist policy contained within the aforesaid policy, which was in full force and effect at the time of the collision described herein.

6. On June 30, 2017, Plaintiff was driving her motor vehicle (the 2002 Hyundai) north on MO 47, when a southbound driver, heading directly toward Plaintiff, crossed the centerline. In response to this dangerous event, Plaintiff attempted to steer her vehicle in order to avoid impact with this phantom vehicle, resulting in her vehicle leaving the travel portion of the roadway, crossing the centerline of the road and impacting a tree on the side of the roadway. After striking this tree, Plaintiff's vehicle continued until coming to rest off the west side of the road.

7. The driver of this southbound car, which initially crossed the centerline, did not stop at the time of this incident and the identity of the driver and vehicle is unknown and is therefore, a phantom vehicle and driver under Defendant's policy of automobile liability insurance, thereby affording Plaintiff benefits under her uninsured motorist policy under the terms and conditions of the policy issued by Defendant.

8. The injuries to Plaintiff, as herein set forth, were a direct and proximate result of the negligence of the driver of this "phantom" or uninsured vehicle in that the phantom vehicle crossed the centerline, drove at an excessive speed and failed to keep a careful lookout.

9. As a direct and proximate result of the aforesaid negligence of the uninsured motorist, Plaintiff sustained a fracture of her cervical spine, multiple bilateral rib fractures, as well as a pneumothorax. Plaintiff was caused to undergo a surgical repair of the fracture in her cervical spine. Plaintiff's injuries have been painful, progressive and chronic and have resulted in a diminution in Plaintiff's ability to enjoy life and engage in the activities of daily living. Plaintiff has incurred medical bills in the sum of approximately $125,000.00.

10. Defendant's failure to pay Plaintiff for her claim herein constitutes a vextatious refusal to pay and therefore, per Missouri statutes, Plaintiff seeks an award of attorney's fees, plus statutory penalties pursuant to § 375.420 R.S.Mo.

WHEREFORE, Plaintiff prays for judgment against Defendant in a sum to be found reasonable by a jury upon the trial of this case, together with her costs incurred herein and for such other and further relief as the Court deems just and proper in the circumstances.

Respectfully submitted,

By: _____
Gary A. Growe, #26151
Teneil L. Kellerman, #52971
Growe Eisen Karlen Eilerts
7733 Forsyth Blvd, Suite 325
St. Louis, MO 63105
T: (314) 725-1912 / F: (314) 261-7326 fax
gary@groweeisen.com

Paul Beck, #63705
Beck and Beck
1034 South Brentwood Blvd., Ste. 2110
St. Louis, MO 63117
(314) 961-5678

*Co-Counsel for Plaintiff*

3